UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v. } | Case No.: |
| } | 1:18-cr-00101-MHH-GMB-2 |
| RONALD TRANIEL KIDD, } | |
| } | |
| Defendant. } | |

# MEMORANDUM OPINION AND ORDER

Ronald Traniel Kidd has filed several post-judgment motions in which he requests early release from custody. (*See* Docs. 252, 259, 287, 302). The Court denied Mr. Kidd's first motion for a sentence reduction under the First Step Act and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 256).[1] In response, Mr. Kidd filed a motion concerning the Court's order. (Doc. 259). The Court construes that submission as a motion to reconsider. After he filed the motion to reconsider, Mr. Kidd filed two more motions for compassionate release. (Docs. 287, 302).

---

[1] Judge Coogler presided over Mr. Kidd's criminal proceedings and entered the order denying Mr. Kidd's initial motion for a sentence reduction and for compassionate release. (Docs. 252, 256). On January 24, 2025, the Clerk of Court randomly reassigned Mr. Kidd's case to the undersigned judicial officer. (1/24/2025 minute entry). Mr. Kidd's motion to reconsider and his two motions for compassionate release, (Docs. 259, 287, 302), were pending at the time of reassignment.

1

Mr. Kidd is serving a 125-month sentence for drug-related crimes. (Doc. 233).[2] Mr. Kidd currently is incarcerated at Maxwell AFB in Montgomery, Alabama; his projected release date is February 5, 2026. *See* FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/;jsessionid=8BC2E5DFDB62544408E7EAD9193BEC04 (last visited January 9, 2026).

District courts generally may not alter or modify a term of imprisonment; however, under 18 U.S.C. § 3582, in limited circumstances, a district court may reduce an inmate's term of imprisonment upon receipt of a motion for sentence modification from the Bureau of Prisons or from a prisoner after the prisoner exhausts his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). When a prisoner has exhausted his administrative remedies, a district court may modify the prisoner's sentence "after considering the factors set forth in Section 3553(a) to the extent that they are applicable" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

[2] The Court initially sentenced Mr. Kidd to 168 months imprisonment. (Doc. 211). The Court later amended the judgment in this case and sentenced Mr. Kidd to 125 months imprisonment. (Doc. 233).

### *Mr. Kidd's Motion to Reconsider*

In his initial motion for compassionate release, Mr. Kidd asked for a reduction in his sentence pursuant to the First Step Act and for compassionate release under § 3582(c)(1)(A) due to the COVID-19 pandemic.  (Doc. 252).  The Court denied Mr. Kidd's motion.  (Doc. 256).

Though the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, the Supreme Court and the Eleventh Circuit have entertained motions for reconsideration in criminal cases.  *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991); *United States v. Phillips*, 597 F.3d 1190–1200 (11th Cir. 2010) (collecting United States Supreme Court and 11th Circuit cases); *Serrano v. United States*, 411 Fed. Appx. 253, 255 (11th Cir. 2011) (per curiam).  Courts have applied to motions to reconsider in criminal cases the standards that apply to motions for reconsideration in civil cases.  *See, e.g.*, *United States v. Galvez*, 849 Fed. Appx 890, 893 (11th Cir. 2021) (explaining that none of the defendant's arguments in his motion for reconsideration "presents the type of newly discovered evidence or manifest error of law or fact that warrants reconsideration"); *United States v. Grobman*, 548 F. Supp. 3d 1344, 1347–48 (S.D. Fla. 2021) (applying a civil standard

3

to a motion to reconsider court's decision to deny defendant's release before sentencing based on COVID-19).[3]

Assuming a district court may consider such a motion, the Eleventh Circuit has applied "the time allotted for filing a notice of appeal" to the time by which a defendant may file a motion for reconsideration of a district court's denial of compassionate release. *United States v. Duncan*, Nos. 24-13085, 24-13715, 2025 WL 3708720, at *2 (11th Cir. Dec. 22, 2025). "Thus, a criminal defendant must file a motion for reconsideration within 14 days of the order or judgment." *Duncan*, 2025 WL 3708720, at *2 (citing Fed. R. App. P. 4(b)). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration" of the original 14-day period. Fed. R. App. P. 4(b)(4).

Mr. Kidd filed his initial motion for compassionate release pursuant to § 3582(c)(1)(A)(i). (Doc. 252). On April 8, 2021, the Court denied that motion. (Doc. 256). Mr. Kidd filed his motion to reconsider on September 29, 2021, more than five months after the Court denied his motion. (Doc. 259). Therefore, Mr. Kidd's motion for reconsideration is untimely. *See Duncan*, 2025 WL 3708720, at *2; Fed.

---

[3] The Eleventh Circuit has stated that § 3582(c)(2) motions are "criminal in nature and therefore covered by rules applying to criminal cases, not civil cases." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Still, the Eleventh Circuit has affirmed district courts' denials of motions to reconsider denials of § 3582(c)(1)(A) motions. *See, e.g.*, *United States v. Rodrigues*, 847 Fed. Appx 609, 611 (11th Cir. 2021); *United States v. Duncan*, Nos. 24-13085, 24-13715, 2025 WL 3708720, at *2 (11th Cir. Dec. 22, 2025).

4

R. App. P. 4(b).  If Mr. Kidd had filed his motion to reconsider on time, his motion would have failed.  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *Thelen v. Somatics, LLC*, 156 F.4th 1115, 1124 (11th Cir. 2025) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (brackets in *Arthur*).  Rule 59(e) motions may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *MacPhee v. MiMedx Group, Inc.,* 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting *Arthur*, 500 F.3d at 1343).

In his initial motion for compassionate release, Mr. Kidd argued that under the First Step Act of 2018, he could file a motion for a sentence reduction on his own behalf.  (Doc. 252, pp. 3–5).  Mr. Kidd argued that the Court should reduce his 125-month sentence due to "his untreated medical issues and the further need to protect" him from COVID-19.  (Doc. 252, pp. 4–7).  He stated that he suffers from diabetes, hypertension, high cholesterol, asthma, and kidney disease.  (Doc. 252, p. 6).  He stated that the BOP did not provide treatment for his asthma and kidney disease.  (Doc. 252, p. 6).

The First Step Act of 2018, among other things, authorizes federal inmates to file motions for a sentence reduction.  *United States v. Rodrigues*, 847 Fed. Appx 609, 611 (11th Cir. 2021) (per curiam).  Mr. Kidd did not rely on the First Step Act for his substantive arguments.  Accordingly, in resolving Mr. Kidd's motion for

compassionate release, the Court analyzed only whether Mr. Kidd was eligible for compassionate release under § 3582(c)(1)(A). (*See* Doc. 252).

In analyzing Mr. Kidd's motion, the Court first determined that Mr. Kidd had exhausted his administrative requirements by filing "a request for sentence reduction due to COVID-19 with his facility's warden" and waiting 30 days before filing his motion. (Doc. 256, pp. 3–4). Next, the Court explained that a defendant is entitled to release under § 3582(c)(1)(A) only if the defendant is not "a danger to the safety of any other person or the community." (Doc. 256, p. 4) (quoting U.S.S.G. § 1B1.13(a)(2)).[4] So long as the defendant is not a danger to the community's safety, he may be entitled to a reduction if "extraordinary and compelling reasons" exist. (Doc. 256, p. 4); (Doc. 256, pp. 4–5) (quoting the Application Note 1 applicable to U.S.S.G. § 1B1.13).

Ultimately, the Court found that Mr. Kidd's medical conditions were not "extraordinary and compelling" reasons for a sentence reduction. (Doc. 256, pp. 5–6). The Court stated that, even if Mr. Kidd's medical conditions constituted "extraordinary and compelling reasons," he still would not be entitled to a sentence reduction because of his criminal history which includes "delivery of a controlled substance, unlawful possession of a controlled substance, criminal mischief,

---

[4] U.S.S.G. § 1B1.13 is the policy statement applicable to 18 U.S.C. § 3582(c)(1)(A).

possession of a firearm without a permit, breaking and entering, burglary, receiving stolen property, and using false identity to obstruct justice." (Doc. 256, p. 8) (citing Doc. 209 (Mr. Kidd's PSR)). Therefore, the Court declined to release Mr. Kidd under § 3582. (Doc. 256, p. 8).

In his motion to reconsider, Mr. Kidd argues that the Court misapplied the law and the facts in finding that his medical conditions did not qualify for release under § 3582 and that he is a danger to the public. (Doc. 259, pp. 1–2). First, he argues that his sentence should be reduced because his "criminal history score should be adjusted downward by '9' points," and the "career criminal" designation does not apply. (Doc. 259, p. 2). This argument was available to Mr. Kidd at the time of sentencing. Because Mr. Kidd could have raised the argument in his objections to his presentence report, (Doc. 205), the argument does not support a Rule 59(e) motion. *See MacPhee,* 73 F.4th at 1250. Next, he argues that the Court failed to consider his underlying medical conditions and that those conditions increase his risk of contracting COVID-19. (Doc. 252, pp. 3–5). In its order denying Mr. Kidd's initial motion for compassionate release, the Court explained that Mr. Kidd's medical records did not depict "a substantial likelihood of developing a terminal case of COVID-19." (Doc. 256, p. 6). The Court also explained that the BOP was regularly administering COVID-19 vaccines to inmates. (Doc. 256, p. 6). These

7

arguments are not sufficient grounds for a Rule 59(e) motion because Mr. Kidd raised them previously.  *See MacPhee,* 73 F.4th at 1250.

For these reasons, the Court denies Mr. Kidd's motion to reconsider.[5]

### *Mr. Kidd's Motions for Compassionate Release*

With respect to Mr. Kidd's two additional motions for compassionate release, (Docs. 287, 302), as explained, under 18 U.S.C. § 3582, a district court may reduce an inmate's term of imprisonment upon receipt of a motion for sentence modification from the Bureau of Prisons or from a prisoner after the prisoner exhausts his administrative remedies.  18 U.S.C. § 3582(c)(1)(A).[6]  The procedural exhaustion requirement under § 3582(c)(1)(A) is a claim-processing rule, which requires "that the parties take certain procedural steps at certain specified times."  *United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021) (internal quotation marks omitted) (quoting *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019)).  Namely, the defendant must request that the warden of the prison in which the defendant is incarcerated "bring a motion on the defendant's behalf."  18 U.S.C. § 3582(c)(1)(A).  If the warden does not respond to the defendant's request within 30 days, the

---

[5] The same analysis applies if Mr. Kidd's motion to reconsider is viewed as a motion under Rule 60 rather than a motion under Rule 59.  *MacPhee*, 73 F.4th at 1251 (quotation omitted).

[6] Mr. Kidd styled one motion as a "renewed motion for compassionate release."  (Doc. 287).  This has no bearing on the Court's analysis.

defendant may file the motion on his or her own behalf. *See* 18 U.S.C. § 3582(c)(1)(A); *Rodrigues*, 847 Fed. Appx at 611.

In his second and third motions for compassionate release, Mr. Kidd does not state or otherwise indicate that he filed with the warden a request for the warden to file a motion for compassionate release on his behalf. (Docs. 287, 302). Similarly, he does not attach to his motions documentation showing that he filed his request with the warden. Mr. Kidd may not rely on his previous request to the warden regarding his initial motion for compassionate release, (Doc. 252), because each motion for compassionate release must independently satisfy the exhaustion requirement. *See, e.g.*, *United States v. Allen*, 717 F. Supp. 3d 1308, 1312 (N.D. Ga. 2024) (first citing *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1286–87 (S.D. Fla. 2020); then citing *United States v. Robinson*, No. 19-00193, 2021 WL 684576, at *1 (S.D. Fla. Feb. 22, 2021)) ("Although some grounds for the present motion are the same, Allen adds arguments and therefore must satisfy the exhaustion requirement anew."). Accordingly, Mr. Kidd's second and third motions for compassionate release are premature because he has not demonstrated that he has satisfied the exhaustion requirement.

For the foregoing reasons, the Court denies Mr. Kidd's requests for compassionate release. The Clerk of Court shall please TERM Docs. 259, 287, 302.

9

The Clerk of Court shall please mail a copy of this order to Mr. Kidd at the following address:

> Maxwell AFB, BLDG 1209
> 820 Willow Street
> Montgomery, AL 36112

**DONE** and **ORDERED** this January 29, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE